(8 App. Div. 227)

HULL v. LITTAUER et al.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

WITNESS—PARTIES—CORROBORATION.

The testimony of defendant, to whom plaintiff had sold leather, for the price of which plaintiff was suing, that the contract was an entire one, for the sale of a certain lot of leather, of which that delivered was a part, was corroborated by the testimony of an employé of plaintiff and an employé of defendant that plaintiff had in the warehouse the quantity of leather claimed by defendant to have been purchased by him; that plaintiff stated that he had sold that lot to defendant, but said nothing about reserving any part of it,—and therefore the rule that where the testimony of the party is uncorroborated his credibility is a question for the jury, though he is not contradicted, does not apply. Merwin and Putnam, JJ., dissenting.

Appeal from circuit court, Fulton county.

Action by James Hull against Lucius N. Littauer and another to recover $1,061.40 as the purchase price of leather alleged to have

been sold and delivered by plaintiff to defendants. From a judgment entered on a verdict directed by the court in favor of defendants, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Clark L. Jordan, for appellant.
Spencer & Banker, for respondents.

PARKER, J. The defendants purchased from one Talman, who was acting as agent for the Western Tannery & Glove Works, a large quantity of yellow kip leather at the agreed price of seven cents per foot. Such leather was then in the warehouse of this plaintiff in Gloversville. In pursuance of such sale upward of 15,000 feet of such leather was delivered to defendants at their factory in Gloversville by the vendor, and the amount due therefor was assigned by it to this plaintiff. The plaintiff, therefore, brings this action to recover from defendants the purchase price of the leather so delivered. The defense is that only a portion of the leather so purchased was delivered, that the vendors had refused to deliver the remainder, and that, as the contract was an entire one, no recovery could be had upon it.

The plaintiff gave no evidence whatever as to the contract made with Talman. He proved that 15,164 feet had been delivered to defendants, and their admission that the price was seven cents per foot, and relied upon that for a recovery. The defendant Lucius N. Littauer was the only one who testified as to the contract. From him it appeared that he purchased from Talman some 20,609 feet of yellow kip, being all that he had in the plaintiff's storehouse in Gloversville, that only the above amount of 15,164 feet was delivered, and that plaintiff had refused to deliver any more. The trial court held that, there being no contradiction of Littauer's evidence, the plaintiff could not recover, and therefore nonsuited him. The plaintiff appeals from the judgment entered thereon.

He seems to concede that the contract was an entire one, and that plaintiff was bound to fully perform it before he could recover on it; but he claims that, inasmuch as Littauer was an interested party, the court should have left it to the jury to determine whether his statement of the amount purchased was a truthful one. There is no evidence whatever in the case upon the question as to what the contract was under which the leather was delivered, except that of the defendant Littauer; no evidence as to what amount was purchased, except his statement; no fact appearing that discredits it, or has a tendency to discredit it; nothing whatever indicating that his statement is improbable. No one assumes to dispute his statement, and, from aught that appears in the case, it is a reasonable and probable one. Moreover, it is corroborated by other witnesses. Cole, who was bookkeeper for the plaintiff, testifies that "Talman had both red and yellow kip in Hull's storehouse, at the time of the sale to defendants, and that when Saunders and Wiles, defendants' employés, first came there to get the

leather, upon the contract, and before any of it was delivered, Talman told him that he had sold this yellow kip to Littauer. He said he had sold the balance of the yellow kip, what he had there at the time. They were piled up in the storehouse. Think there was about 20,000 feet of the yellow stock." He also testified that, before any of the kip was delivered to the defendants' men, the piles were taken down and sorted in the storehouse, and the better quality put in one pile by the plaintiff, and the inferior in another, and that only the inferior quality was delivered to the defendants. Also, Saunders testified that, when he applied to Talman, at the storehouse, the day after the sale, for the yellow kip purchased, Talman pointed to the piles there as being the lot sold, and it seems that nothing was then said as to reserving any of it. It was to be delivered in a day or two. The plaintiff subsequently made the selections above stated.

The plaintiff concedes that some contract was made, and that some amount of leather was purchased, for he delivered leather under it, and relied upon the witness Littauer's admission that such contract fixed the purchase price at seven cents per foot. In the absence of a single fact or circumstance in the case to discredit his statement as to what the other terms of that contract were, and in view of the corroboration above referred to, the trial judge was correct in holding that there was no question for the jury upon that subject. There are, of course, many instances where the uncorroborated testimony of a party in interest may not be assumed by the court as truthful and correct, although it is not contradicted by other evidence. Very frequently the credibility of such testimony must be left to the jury, but we think it very clear that such rule does not apply to this case. We do not discover in the case any question for the jury. The facts upon which defendants rely to defeat plaintiff's claim are proven without contradiction, and the trial judge was therefore right in directing a verdict in their favor.

Judgment affirmed, with costs.

LANDON and HERRICK, JJ., concur. MERWIN and PUTNAM, JJ., dissent.